IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| **NORTH DAKOTA HUMAN RIGHTS COALITION, IMMIGRANT DEVELOPMENT CENTER, and PLAINTIFF DOE,**<br><br>Plaintiffs,<br><br>v.<br><br>**PATRIOT FRONT, THOMAS ROUSSEAU, TREVOR VALESCU, and JOHN DOES 1-10,**<br><br>Defendants. | Case No.: Case 3:23-cv-00160-ARS |

**PLAINTIFFS' MOTION FOR LEAVE TO EXECUTE SERVICE OF PROCESS BY PUBLICATION PURSUANT TO FED. R. CIV. P. 4(h) AND 4(e)(1)**

Pursuant to Fed. R. Civ. P. ("Federal Rule") 4(h) and 4(e)(1) and N.D. R. Civ. P. ("North Dakota Rule") 4(e), Plaintiffs request that this Court grant leave to serve Defendants Patriot Front, Thomas Rousseau, and Trevor Valescu by publication. Plaintiffs propose publishing notice of the lawsuit three times, once each week for three successive weeks, in a newspaper published in Cass County, where this action is pending, as required by North Dakota Rule 4(e)(3).

**FACTS**

Plaintiffs are two North Dakota nonprofit organizations and an individual who were victimized by Defendants' racist, hateful, and tortious vandalism of the International Market Plaza in Fargo. On September 1, 2023, Plaintiffs filed this action against Defendants Patriot Front, Rousseau, and Valescu. Defendant Patriot Front is a white supremacist group organized online, and Defendant Rousseau is its founder and national director. Defendant Valescu is the group's "Network Director," supervising activities in North Dakota, South Dakota, and

1

Minnesota. Both Defendant Rousseau and Defendant Valescu are appropriate agents for service of process on Patriot Front, given their leadership roles in the organization. Patriot Front does not hold out any particular agent for service of process.

Patriot Front has no known physical address and operates as a semi-clandestine white nationalist organization online. And Defendant Rousseau and Defendant Valescu's whereabouts are likewise unknown, despite Plaintiffs' best efforts to locate them. Plaintiffs have retained private investigators to identify Defendants Rousseau and Valescu's locations for service but have not succeeded. Defendants Rousseau and Valescu appear to have gone underground to avoid public scrutiny of their actions (and likely to avoid service in similar lawsuits pending against them). Plaintiffs have attempted to serve Defendant Valescu but have been unable to accomplish service thus far. Plaintiffs have been unable to identify a viable address for Defendant Rousseau and, given other parties' inability to serve Defendant Rousseau in different litigation, Plaintiffs do not anticipate they will be successful in serving Defendant Rousseau personally. However, Plaintiffs' efforts to locate and serve Defendants Rousseau and Valescu are ongoing.

Additionally, the filing of this action generated publicity in various national and online news sources.[1] It is likely that Defendants have received actual notice of the lawsuit. Nevertheless, and because Plaintiffs' 90-day deadline to serve Defendants under Federal Rule

---

[1] *Civil Rights Lawsuit in North Dakota Accuses a White Supremacist Group of Racial Intimidation*, U.S. News & World Report (Sept. 5, 2023, 6:53 PM), https://www.usnews.com/news/best-states/north-dakota/articles/2023-09-05/civil-rights-lawsuit-in-north-dakota-accuses-a-white-supremacist-group-of-racial-intimidation#:~:text=The%20lawsuit%20filed%20against%20Patriot,Defendants%20perpetrated%20in%20this%20case.%E2%80%9D; Jack Dura, *Civil rights lawsuit in North Dakota accuses a white supremacist group of racial intimidation*, Associated Press (Sept. 5, 3:53 PM), https://apnews.com/article/civil-rights-lawsuit-patriot-front-north-dakota-0e156970421c5196c9ce30d8b875e0ba; Tasha Carvell, *N.D. groups sue white supremacist organization Patriot Front in federal court*, KFGO (Sept. 4, 2023, 5:22 PM), https://kfgo.com/2023/09/04/882643/; April Baumgarten, *Group sues Patriot Front over vandalism at Fargo's International Market Plaza*, Grand Forks Herald (Sept. 5, 2023, 2:45 PM), https://www.grandforksherald.com/news/north-dakota/group-sues-patriot-front-over-vandalism-at-fargos-international-market-plaza.

4(m) approaches, Plaintiffs submit that these facts provide sufficient grounds to permit service on Defendants by publication, pursuant to Federal Rules 4(h) and 4(e)(1) and North Dakota Rule 4(e).

## ARGUMENT

I. **LEGAL STANDARD**

Federal Rule 4(h) permits service on a corporation, partnership, or unincorporated association in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual." In turn, Federal Rule 4(e)(1) permits service on an individual in a judicial district of the United States in a manner "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

North Dakota Rule 4(e) provides for service by publication. Such service is allowed where the underlying claim for relief is based on one or more of the grounds for exercise of personal jurisdiction listed in North Dakota Rule 4(b)(2). That subsection permits the exercise of personal jurisdiction based on a party's contacts with the state, including commission of a tort within or outside North Dakota causing injury to a person or property within North Dakota. N.D. R. Civ. P. 4(b)(2). Given the appropriate exercise of personal jurisdiction, the North Dakota rules allow for service by publication where a plaintiff or their attorney declares "that after diligent inquiry personal service of the summons cannot be made on the defendant in this state to the best knowledge, information, and belief of the declarant." N.D. R. Civ. P. 4(e)(2)(A).

## II. PLAINTIFFS HAVE DILIGENTLY ATTEMPTED PERSONAL SERVICE ON DEFENDANTS TO NO AVAIL.

Despite Plaintiffs' best efforts, they have been unable to effect personal service on any of the three named defendants in this action. Service by publication is the method best suited to provide notice to Defendants given their indeterminate whereabouts.

Over the past three months, Plaintiffs have acted diligently to locate Defendants Rousseau and Valescu in order to effect personal service. Plaintiffs have made several attempts to serve Defendant Valescu at his last known address in Faribault, Minnesota, but their investigator was unable to make contact with anyone at that address, though the investigator observed a dog present and surveillance cameras on the home. Plaintiffs have since engaged private investigators to track down Defendants Rousseau and Valescu, but their efforts to date have been unsuccessful.

Plaintiffs have reason to believe that Defendants Rousseau and Valescu intentionally obscure their whereabouts and are unlikely to be located for personal service. Defendant Rousseau, for example, has been named as a defendant in another recent lawsuit, and those plaintiffs have also been unable to personally serve him. *See* Summons Returned Unexecuted, *Sealed Plaintiff 1 v. Patriot Front*, No. 3:22-cv-00670 (E.D. Va. Dec. 15, 2022), ECF No. 35. Plaintiffs here intend to continue their efforts to locate Defendants Rousseau and Valescu, but in the meantime, Plaintiffs request that this Court permit service on Defendants by publication so that this litigation may proceed.

Federal Rules 4(h) and 4(e)(1) permit service methods that comply with relevant state law. North Dakota Rule 4(e) in turn permits service by publication where an action involves enumerated exercises of personal jurisdiction. One of those exercises is based on commission of a tort within or outside North Dakota that injures a person or property within North Dakota.

sf-5679200

N.D. R. Civ. P. 4(b)(2).  As Plaintiffs explained in their Complaint, Defendants' racist vandalism of the International Market Plaza in Fargo involved the torts of conversion, trespass, trespass to chattel, and civil conspiracy.  North Dakota Rule 4(e) therefore permits service by publication in this action.

## CONCLUSION

For the foregoing reasons, Plaintiffs submit that service by publication is reasonably likely to give notice to Defendants Patriot Front, Thomas Rousseau, and Trevor Valescu.  Plaintiffs request that this Court permit service by publication on Defendants through a notice similar to the one in Exhibit 1 to the Declaration of Christina E. Dierolf in Support of Plaintiffs' Motion for Leave to Execute Service of Process by Publication Pursuant to Fed. R. Civ. P. 4(h) and 4(e)(1).  The notice would be published once a week for three successive weeks in a newspaper published in Cass County, such as the Cass County Reporter or Fargo Forum, as required by North Dakota Rule 4(e)(3).  In the alternative, Plaintiffs request that the Court approve an alternative form of service reasonably calculated to give notice to Defendants.  After Plaintiffs complete service of the Complaint as permitted by this Court, Plaintiffs will notify the Court of their efforts to serve the Complaint.

By: */s/ Christine Wong*
Christine Wong (CA Bar No. 284026)
William Frentzen (CA Bar No. 343918)
Christina Dierolf (CA Bar No. 335258)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
christinewong@mofo.com
wfrentzen@mofo.com
cdierolf@mofo.com

Jon M. Greenbaum (DC Bar No. 489887)

Arthur Ago (DC Bar No. 463681)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
jgreenbaum@lawyerscommitte.org
aago@lawyerscommittee.org

Timothy Q. Purdon (ND Bar No. 05392)
ROBINS KAPLAN LLP
1207 West Divide Avenue, Suite 200
Bismarck, ND 58501
Telephone: (701) 255-3000
Facsimile: (612) 349-8767
tpurdon@robinskaplan.com
Attorneys for Plaintiffs