## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| North Dakota Human Rights Coalition, Immigrant Development Center, and Plaintiff Doe, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:23-cv-160 |
| vs. | ) ) ) | **ORDER** |
| Patriot Front, Thomas Rousseau, Trevor Valescu, and John Does 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs, two nonprofit organizations and an individual, move for leave to execute service of process by publication pursuant to Federal Rule of Civil Procedure 4(h) and (e)(1) and North Dakota Rule of Civil Procedure 4(e). (Doc. 11). Defendants include Patriot Front (described as a group organized online), Thomas Rousseau (Patriot Front's alleged founder and national director), and Trevor Valescu (Patriot Front's alleged "Network Director").

Federal Rule of Civil procedure 4(h) permits service on a corporation, partnership, or unincorporated association in the manner prescribed for serving an individual under Rule 4(e)(1). Rule 4(e)(1) permits service of process in accordance with the law of the state where the federal district court is located.

North Dakota Rule of Civil Procedure 4(e)(1) authorizes service by publication under certain circumstances, including when the claim for relief is based on one or more grounds for the exercise of personal jurisdiction under Rule 4(b)(2). Rule 4(b)(2) permits a court to exercise personal jurisdiction over a party based on contacts with the state, including when the party is alleged to have committed a tort within or outside of

North Dakota that caused injury to a person or property within North Dakota. Here, plaintiffs allege various tort claims against defendants that caused injury to plaintiffs and their property within North Dakota. (See Doc. 1).

Under North Dakota Rule of Civil Procedure 4(e)(2), before service by publication is authorized, a plaintiff must submit a declaration that satisfies one of several requirements, including "that after diligent inquiry[,] personal service of the summons cannot be made on the defendant in this state to the best knowledge, information, and belief of the declarant." Plaintiffs' counsel, Christina Deirolf, submitted a declaration stating plaintiffs have been unable to locate any physical address associated with Patriot Front, have been unable to locate any physical address at which to make personal service on Rousseau, have engaged a private investigator to assist with locating and serving Rousseau and Valescu, and have made multiple unsuccessful attempts to serve Valescu at his last known address using an investigator employed by one of plaintiffs' law firms. (Doc. 11-1). Deirolf's declaration states—and establishes— that to the best of her "knowledge, information, and belief, after diligent inquiry, personal service of the summonses issued in this action cannot be [made] on Defendants Patriot Front, Thomas Rousseau, or Trevor Valescu." Id. at 2.

Plaintiffs' motion for service by publication, (Doc. 11), is **GRANTED**. In accordance with North Dakota Rule of Civil Procedure 4(e)(3), plaintiffs must publish the summons three times, once each week for three consecutive weeks, in a newspaper published in Cass County, North Dakota. Plaintiffs must also comply with the mailing or delivery requirement of Rule 4(e)(4), or the out-of-state personal service requirement of Rule 4(e)(5), and the timing requirement of Rule 4(e)(6). Additionally, the time to serve

defendants under Federal Rule of Civil Procedure 4(m) is extended to February 20,

2024.

      **IT IS SO ORDERED**.

      Dated this 12th day of December, 2023.

*/s/ Alice R. Senechal*
_____
Alice R. Senechal
United States Magistrate Judge
