UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| North Dakota Human Rights Coalition et al., | No. 3:23-cv-00160-PDW-ARS |
|---|---|
| *Plaintiffs,* | Chief Judge Peter D. Welte |
| v. | Magistrate Judge Alice R. Senechal |
| Patriot Front et al., | Motions of Eugene Volokh to Intervene and Unseal, with Accompanying Memorandum |
| *Defendants.* | |

**Motion**

Eugene Volokh is seeking (on his own behalf) to move to intervene and unseal the motion to proceed pseudonymously (ECF No. 13) and the order granting that motion (ECF No. 14). Plaintiffs oppose this motion; defendants do not object to it.

**Memorandum**

**I.  Volokh should be allowed to intervene**

"[P]ermissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases." *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015). Such intervention satisfies the commonality requirement of Rule 24(b) because "it is the public's interest in the confidentiality of the judicial records that—'in the language of Rule 24(b)(2)—[is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervenor].'" *Id.*

Both the public and the press have standing to assert their rights of access. *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 262-65 (4th Cir. 2014). This includes authors who want to write about the case, such as Volokh, who writes at the Volokh

1

Conspiracy blog on the Reason Magazine site, http://reason.com/volokh, and who often writes about motions to seal and to proceed pseudonymously, *see, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022); https://reason.com/tag/right-of-access/.

## II. The Common-Law Right of Access Applies to Opinions

The public has a presumptive common-law right to access judicial records in civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). This right includes access to court decisions. *See, e.g.*, *United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (concluding that defendant's "motion to file this opinion under seal" should be denied "because the decisions of the court" are presumptively "a matter of public record"). "[I]t should go without saying that [a] judge's opinions and orders belong in the public domain." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). "Opinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them." *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J., one-judge order). "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Pub. Citizen*, 749 F.3d at 267. "There is no doubt that the court orders themselves are judicial records. . . . [T]he issuance of public opinions is core to the transparency of the court's decisionmaking process." *In re Application of Jason Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (cleaned up).

"An adjudication," such as this Court's extraordinary decision to seal binding precedent, "is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *United States v. Amodeo*, 71 F.3d 1044,

1049 (2d Cir. 1995). Indeed, "the presumption that the public has a right to see and copy judicial records attaches to those documents which . . . are relevant to the adjudication," *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412-13 (1st Cir. 1987), precisely because such documents shed light on the court's decision, *id.* at 410. This presumption is "so basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know," that it "cannot be easily overcome." *Id.* at 413.

### III. The common-law right of access applies to motions to proceed pseudonymously

Because motions to seal implicate the public's right of access to court records, it is particularly important for the public and the press to be able to review them, and to understand why certain information is being hidden from the public. "Courts within [the Second] Circuit have tended to treat a motion to seal as a judicial document that is entitled to a strong presumption of public access." *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022). A "motion to redact certain information" is a judicial document that is "entitled to a strong presumption of public access." *Cheng v. Wilson*, No. 1:22-CV-10706 (LTS), 2023 WL 7710966, at *3 (S.D.N.Y. Oct. 2, 2023). "Turning to the motions to seal, the Court determines they are 'judicial documents' as that term is defined by case law, and, therefore, a common law presumption of access attaches." *McGill v. Univ. of Rochester*, No. 10-CV-6697-CJS-JWF, 2013 WL 5951930, at *11 (W.D.N.Y. Nov. 6, 2013).[1]

---

[1] *See also Allegiant Travel Co. v. Kinzer*, No. 2:21-CV-01649-JAD-NJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022) ("A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information."); *Vineyard Vines LLC v. MacBeth Collection, L.L.C.*, No. 3:14-CV-1096, 2019 WL 12024583, at *6 n.6

And the First Amendment right of access applies to such motions as well. *See Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006); *Doe v. City of New York*, 2022 WL 15153410, at *3. These decisions are sound, and should be adopted by this Court, so that the public can better monitor why access to court records is being restricted.

The same logic applies to motions to proceed pseudonymously. "There is a strong presumption against allowing parties to use a pseudonym." *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998); *see, e.g.*, *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022) (likewise). That presumption stems from, among other things, "the values underlying the right of public access to judicial proceedings and documents under the common law and First Amendment." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 68 (1st Cir. 2022). It is indeed, "of a piece with" "the right of public access" more generally. *Id.* And a motion to proceed pseudonymously is also "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), because the decision on the motion may affect a litigant's willingness to proceed with the litigation. *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1394-95 & n.196 (2022).

---

(D. Conn. Apr. 1, 2019) (concluding that a "motion to seal itself should be filed on the public docket and **not** under seal") (emphasis in the original); *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) ("Protective Order Brief[s] and accompanying declarations" "are the types of documents that are usually filed with the court and are generally available," so that "on the continuum of materials to which a presumption of public access applies, they fall well toward the end where the presumption is accorded the greatest weight.") (cleaned up).

Of course, the public right of access to parties' names can sometimes be overcome, and pseudonymity is thus sometimes allowed. But the public should be able to understand just why some parties are indeed being given the special dispensation to proceed pseudonymously. And Volokh in particular, who is one of the few academics who writes about pseudonymity—both for the public and in law journal articles—is particularly interested in seeing what arguments successful applicants for pseudonymity are making.

### IV. This Court should also recognize a First Amendment right of access to judicial opinions and motions to pseudonymize in civil proceedings

"Though the Supreme Court originally recognized the First Amendment right of access in the context of criminal trials, the federal courts of appeals have widely agreed that it extends to civil proceedings and associated records and documents." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014); *see also N.Y. Civil Liberties Union v. N.Y. Transit Auth.*, 684 F.3d 286, 305 (2d Cir. 2011) (likewise recognizing a First Amendment right of access to judicial documents in civil cases); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984) (same); *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983) (same); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984) (same). The Eighth Circuit "has not decided whether there is a First Amendment right of public access to the court file in civil proceedings," *IDT*, 709 F.3d at 1225, but decisions in this District have done so, *see, e.g.*, *ONEOK Rockies Midstream, L.L.C. v. Midway Machining, Inc.*, No. 1:23-CV-044, 2023 WL 6293866, *1 (D.N.D. Sept. 27, 2023) ("A party seeking to seal a judicial record must demonstrate a compelling interest which

overrides the qualified First Amendment right of public access enjoyed by the public and press."); *Hoff v. Joyce*, No. 1:22-CV-151, 2023 WL 5280124, *1 (D.N.D. Aug. 16, 2023) (likewise); *Bauer v. Equinor Energy LP, Grayson Mill Williston, LLC*, No. 1:21-CV-170, 2023 WL 9595356, *1 (D.N.D. Feb. 1, 2023) (likewise).

Those District Court decisions are correct. As the Eighth Circuit has recognized, the First Amendment right of access attaches to judicial documents in civil cases if there is "(1) a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question." *IDT*, 709 F.3d at 1224 n.*. Both these tests are satisfied in civil cases as well as criminal cases.

This is particularly evident as to court orders. "There is a long tradition of public access to court orders," *Hardy v. Equitable Life Assurance Soc'y*, 697 F. App'x 723, 725 (2d Cir. 2017). "[S]ince at least the time of Edward III, judicial decisions have been held open for public inspection." *In re Application of Jason Leopold*, 964 F.3d at 1128. And access to judicial opinions plays a significant positive role in the functioning of the judicial process as a whole. "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Pub. Citizen,* 749 F.3d at 267. "Without monitoring[,] . . . the public [can] have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *Amodeo,* 71 F.3d at 1048.

Ensuring public access to judicial opinions is crucial to our justice system. "As ours is a common-law system based on the 'directive force' of precedents, its effective and efficient functioning demands wide dissemination of judicial decisions." *Lowenschuss*

6

*v. West Pub. Co.*, 542 F.2d 180, 185 (3d Cir. 1976). "Practicing attorneys must be able easily to locate authoritative precedents for their positions. Courts must be able to rely on briefs and citations of attorneys practicing before them and on their own research efforts to direct them quickly to the relevant cases." *Id*. And that is true even for persuasive precedents and not just for binding precedents.

Likewise, courts have concluded that the First Amendment right of access applies to motions to unseal. *See Schiller*, 2006 WL 2788256, at *5; *Doe v. City of New York*, 2022 WL 15153410, at *3. And pseudonymization as well as sealing implicates "the values underlying the right of public access to judicial proceedings and documents under the common law and First Amendment," *Doe v. MIT*, 46 F.4th at 68; motions to pseudonymize should therefore be as publicly accessible as motions to seal.

## V. Neither the common-law right of access nor the First Amendment right of access are overcome here

Under the common-law right of access, "The court must consider less restrictive alternatives and must explain any decision to seal documents." *Roswick v. Mid Dakota Clinic, P.C.*, No. 1:17-CV-44, 2018 WL 11512766 (D.N.D. Oct. 15, 2018); *In the Matter of: Sealed Documents*, D.N.D. Standing Order (Sept. 18, 2019). One such "reasonable alternative[s] to sealing" documents is "redaction." *IDT*, 709 F.3d at 1224. Even if some redaction of the motion to proceed pseudonymously and the order granting the motion is called for, to keep the pseudonymous party's identity confidential, that would presumably just be modest redaction, not outright sealing. For example, it seems likely that much of the sealed documents consists of legal argument, which does not implicate the plaintiff's privacy or safety. *See, e.g., Fazzio v. Standard*

7

*Exam'r*, No. 1:17-CV-00132-RJS-DBP, 2018 WL 2336113 (D. Utah May 23, 2018) (rejecting "Plaintiffs' blanket request to seal" in part because "Plaintiffs do not identify a single word in their legal argument that should be redacted in the event the court adopts their alternative request to seal only portions of the memorandum").

The First Amendment right of access calls for an even more demanding test than does the common-law right of access: "The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling government interest." *In re Search Warrant (Gunn)*, 855 F.2d 569, 574 (8th Cir. 1988). For the reasons given above, this test cannot be satisfied here.

## Conclusion

Volokh has both a First Amendment and common law right of access to the motion to the motion to allow pseudonymity and to the order granting that motion. He is entitled to intervene to assert these rights, and the documents ought to be sealed, with any redactions necessary to preserve the parties' pseudonymity.

Respectfully Submitted,

s/ Eugene Volokh

Professor of Law
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu
*Pro se*

February 27, 2024