IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| **NORTH DAKOTA HUMAN RIGHTS COALITION, IMMIGRANT DEVELOPMENT CENTER, and PLAINTIFF DOE,**<br><br>Plaintiffs,<br><br>v.<br><br>**PATRIOT FRONT, THOMAS ROUSSEAU, TREVOR VALESCU, and JOHN DOES 1-10,**<br><br>Defendants. | Case No.: Case 3:23-cv-00160-ARS |

**PLAINTIFF DOE'S OPPOSITION
TO THE
<u>MOTION OF EUGENE VOLOKH TO INTERVENE AND UNSEAL</u>**

1

Plaintiff Jane Doe ("Plaintiff Doe") respectfully submits this memorandum of law in support of their opposition to the Motion of Eugene Volokh to Intervene and Unseal (ECF No. 23) (the "Motion" or "Mot.").

I.     INTRODUCTION

On September 1, 2023, Plaintiffs Doe, Immigrant Development Center (the "IDC"), and North Dakota Human Rights Coalition (the "Coalition") filed their Complaint.[1]  The Complaint alleges that Defendant Patriot Front, a white supremacist group, committed racially motivated vandalism of murals on a building that Plaintiff IDC owns.  On December 18, 2023, Plaintiff Doe filed an *ex parte* motion to proceed pseudonymously to protect them, their family, and their associates from the real possibility of retaliation from Defendants and/or other hate groups, which have a practice of publishing identities of individuals who oppose their messages and conduct.  (ECF No. 13.)  This Court granted that motion and determined that Plaintiff Doe has a compelling interest in retaining anonymity.  (ECF No. 14.)

Movant Eugene Volokh ("Movant") now seeks to intervene in this matter and unseal Plaintiff Doe's motion and the Court's order granting it.  But the relief Movant seeks is not procedurally appropriate, and Movant does not assert any compelling reason to unseal documents this Court has already determined should be filed under seal.

*First*, Movant has no authority to intervene.  Movant describes himself as an "author[] who want[s] to write about the case." (Mot. at 1.)  He is not related to any of the parties.  He has not articulated any claim or defense that shares a common question of law or fact with this case, as required by Rule 24(b).  And he can show no injury-in-fact that would support the Article III standing required for permissive intervention in this Circuit.  Allowing Movant to join this action

---

[1] "Complaint" or "Compl." refers to ECF No. 1.

2

now as an intervenor-party would only serve Movant's (and Defendants Rousseau and Valescu's) goal of transforming this civil rights case into a referendum on First Amendment and right of access issues in this country.

***Second***, Movant does not assert a compelling reason to unseal Plaintiff Doe's motion or the Court's order. The right of public access is not absolute, and Movant fails to explain why his interest in motions to seal and pseudonymous proceedings is more compelling than Plaintiff Doe's immediate privacy and safety interests, which this Court has already recognized warrant use of a pseudonym.

For the above reasons, and the reasons set forth herein, Movant's Motion should be denied.

## II.     LEGAL STANDARDS

### A.     Motions to Intervene

Under Federal Rule of Civil Procedure 24(b), courts *may* allow anyone to intervene who "(A) is given a conditional right to intervene by a federal statute," or "(B) has a claim or defense that shares with the main action a common question of law or fact." Courts have confirmed that "[a] decision to grant or deny permissive intervention [] lies within the sound discretion of the trial court." *Am. Coll. of Obstetricians & Gynecologists v. United States Food & Drug Admin.*, No. CV TDC-20-1320, 2020 WL 3184024, at *6 (D. Md. June 15, 2020) (citing *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003)). "In exercising its discretion under Rule 24(b), the Court 'must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Id.* (quoting Fed. R. Civ. P. 24(b)(3)).

### B.     Motions to Unseal

Notwithstanding the common-law right of public access to judicial records, courts determine whether sealing is warranted based on "the relevant facts and circumstances of the

particular case." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides "compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018).  The district court must balance potential interference with the interests served by public access "against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *In re Bair Hugger*, 9 F.4th at 791.

### III.   ARGUMENT

#### A.   Movant Does Not Have Authority or Standing to Intervene in This Action.

As an initial matter, Movant fails to meet the requirements for permissive intervention under the Federal Rules.  He is not related to the parties in this case and has not articulated "a claim or defense that shares . . . a common question of law or fact" with any raised in this action, as required for permissive intervention under Rule 24(b).  While Movant claims to be one of the "authors who want to write about the case," this is simply a reason Movant may have for *wanting* to intervene—Movant has cited no statute or rule *authorizing* or granting him the *right* to do so. (*See* Mot. at 1.)  Further, permissive intervention is "wholly discretionary" and may be denied even when the requirements of Rule 24(b) are satisfied.  *Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).

Additionally, the Eighth Circuit requires intervenors to satisfy the Article III standing requirements.  *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996).  This Circuit has determined that "an Article III case or controversy, once joined by intervenors who lack standing, is—put bluntly—no longer an Article III case or controversy."  *Id.*  Movant has made no arguments showing that he suffers any injury-in-fact that is "concrete, particularized, and

actual or imminent"; nor could he. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Unlike the intervenor in the case Movant cites in support of his own standing, Movant has not established that he "advocate[s] directly on the issues to which the underlying litigation *and* the sealed materials relate." *Doe v. Pub. Citizen*, 749 F.3d 246, 264 (4th Cir. 2014) (emphasis added). Rather, Movant only claims to have a general interest in motions to seal and to proceed under a pseudonym. (Mot. at 2.) Furthermore, *Pub. Citizen* pre-dates *TransUnion,* which established that "informational injury that causes no adverse effects cannot satisfy Article III.'" 594 U.S. at 442. Since *TransUnion,* multiple circuit courts have consistently recognized that a movant asserting an informational injury "must have suffered adverse effects from the denial of access to information." *Grae v. Corr. Corp. of Am.*, 57 F.4th 567, 569 (6th Cir.) (collecting cases), *cert. denied sub nom. Tardy v. Corr. Corp. of Am.*, 144 S. Ct. 285 (2023). Movant does not assert that he will suffer any concrete adverse effects if he cannot obtain access to the sealed records in this particular case. As Movant has not stated any basis for standing, his Motion should be denied.

## B. Plaintiff Doe's Privacy and Safety Interests Outweigh Movant's Purported General Interest.

This Court has already determined that Plaintiff Doe has a compelling and protectable privacy interest in using a pseudonym. (*See* ECF No. 14.) This remains true, regardless of Movant's Motion.

Plaintiff Doe does not dispute that members of the public have fundamental First Amendment and "common-law right of access to judicial records," which applies to civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, the right of access is not absolute and "requires a weighing of competing interests." *Webster Groves Sc. Dist. v. Pulitzer Publ'g Co.*,

5

898 F.2d 1371, 1376 (8th Cir. 1990). Many courts have found that threats to a plaintiff's safety constitute sufficient reason for permitting them to proceed pseudonymously. *See, e.g.*, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) ("[B]ased on the extreme nature of the retaliation threatened against plaintiffs coupled with their highly vulnerable status, [] plaintiffs reasonably fear severe retaliation, and [] this fear outweighs the interests in favor of open judicial proceedings."); *Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255, at *1 (D. Md. Mar. 1, 2017 (allowing plaintiffs to proceed anonymously where harm could come "to themselves or innocent family members").

In this case, Plaintiff Doe possesses "a substantial privacy right" and safety concerns which clearly outweigh "the customary and constitutionally-embedded presumption of openness in judicial proceedings." *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). The disclosure of Plaintiff Doe's identity could cause "serious injury" to Plaintiff Doe and threaten their safety. *See In re Avandia Marketing, Sales Practices and Products Liability Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Plaintiff is a Muslim Somalian immigrant, which makes them and their family especially vulnerable to racist, retaliatory actions from people who share Defendants' discriminatory and anti-immigrant views. (Compl. ¶ 18.) Indeed, this very case is based on Defendants' racially motivated vandalism of the murals on Plaintiff IDC's building, which depicts Plaintiff Doe's family members and close associates. (*Id.*) Plaintiff Doe's identity must remain under seal to ensure their and their family's safety.

Movant's general interest in writing about the judicial documents related to Plaintiff Doe's pseudonym on his blog is not a compelling reason that outweighs the potential irreparable harm that would result from unsealing these court records. By Movant's logic, his general interest in pseudonymity would entitle him and other members of the public to unseal every motion to proceed under pseudonym, which defeats the privacy reasons courts grant them in the

first place.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Intervene and Unseal should be denied in its entirety. However, if the Court is inclined to grant Movant's request, Plaintiff Doe asks that the Court do so only as to its sealed order. Plaintiff Doe reserves all rights to contest Movant's access to their motion to proceed pseudonymously.

Dated this 12th day of March, 2024.

By: /s/ *Christine Wong*
    Christine Wong (CA Bar No. 284026)
    William Frentzen (CA Bar No. 343918)
    Christina Dierolf (CA Bar No. 335258)
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105-2482
    Telephone: (415) 268-7000
    Facsimile: (415) 268-7522
    christinewong@mofo.com
    wfrentzen@mofo.com
    cdierolf@mofo.com

    Jon M. Greenbaum (DC Bar No. 489887)
    Arthur Ago (DC Bar No. 463681)
    LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
    1500 K Street, NW, Suite 900
    Washington, DC 20005
    Telephone: (202) 662-8600
    Facsimile: (202) 783-0857
    jgreenbaum@lawyerscommitte.org
    aago@lawyerscommittee.org

    Timothy Q. Purdon (ND Bar No. 05392)
    ROBINS KAPLAN LLP
    1207 West Divide Avenue, Suite 200
    Bismarck, ND 58501
    Telephone: (701) 255-3000
    Facsimile: (612) 349-8767
    tpurdon@robinskaplan.com

    Attorneys for Plaintiffs