UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| North Dakota Human Rights Coalition et al., | No. 3:23-cv-00160-PDW-ARS |
| *Plaintiffs*, | Chief Judge Peter D. Welte |
| v. | Magistrate Judge Alice R. Senechal |
| Patriot Front et al., | Reply of Proposed Intervenor Eugene Volokh in Support of Motion to Intervene and Unseal |
| *Defendants*. | |

**Proposed Intervenor's Reply in Support of Motion to Intervene and Unseal**

Eugene Volokh submits this reply to Plaintiff's opposition to his motion to intervene and unseal (1) the motion to proceed pseudonymously (ECF No. 13) and (2) the order granting that motion (ECF No. 14).

**I.   *Flynt v. Lombardi* establishes that intervention here is proper under Rule 24**

*Flynt v. Lombardi* makes clear that "permissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases." 782 F.3d 963, 967 (8th Cir. 2015) (also citing cases from nine other federal circuits in support). And *Flynt* makes clear that "the public's interest in the confidentiality of the judicial records . . . [is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervenor]," which suffices for Rule 24(b) purposes. 782 F.3d at 967 (cleaned up). "[W]hen a party is seeking to intervene only to . . . unseal documents . . . an independent basis of jurisdiction is not required." *Id.* Plaintiff's opposition does not discuss *Flynt* in its intervention analysis.

1

## II. Professor Volokh's interest in writing about this case as a litigator, academic, and journalist establishes Article III standing

Volokh has Article III standing because he seeks to access the court records so that he can write about them, something he often does with regard to pseudonymity decisions.[1] *See* Mot. to Intervene and Unseal at 1-2; Decl. ¶¶ 1-2, *infra*. Indeed, he believes his blog at the *Reason* Magazine site, http://reason.com/volokh, is the publication that covers pseudonymous litigation more often than any other American publication. Decl. ¶ 3.

He therefore has "concrete plans to review or use the materials," *Reps. Comm. for Freedom of the Press v. United States*, __ F.4th __, 2024 WL 878634, *3 (8th Cir. Mar. 1, 2024), and this suffices for standing. That he needs the documents to write about the pseudonymity decision in this case rather than about any underlying substantive questions does not matter for this analysis: There is a right to access information about the decisions of this Court and the filings that led to these decisions, whether

---

[1] *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L. J. 1353 (2022); Eugene Volokh, *If Pseudonyms, Then What Kind?*, 107 Judicature 76 (2023); Eugene Volokh, *Protecting People from Their Own Religious Communities: Jane Doe in Church and State*, 38 J.L. & Religion 354 (2023); Eugene Volokh, *The Law of Pseudonymous Litigation in the Fifth Circuit*, 100 The Advocate (Texas) 30 (2022); *see also* Archive of Articles on the Right of Access, Reason, Volokh Conspiracy, https://reason.com/tag/right-of-access/ (last visited Mar. 15, 2024); Eugene Volokh, *No Pseudonymity in Mental-Health-Related Lawsuit*, Reason, Volokh Conspiracy (Mar. 9, 2024, 8:01 AM), https://reason.com/volokh/2024/03/09/no-pseudonymity-in-mental-health-related-lawsuit/; Eugene Volokh, *No Pseudonymity for Woman Suing Alleging Rape by Sean "Diddy" Combs*, Reason, Volokh Conspiracy, https://reason.com/volokh/2024/03/01/no-pseudonymity-for-woman-suing-alleging-rape-by-sean-diddy-combs/ (Mar. 1, 2024, 8:01 AM); Eugene Volokh, *Fourth Circuit on One-Sided Pseudonymity in Sexual Assault Cases*, Reason, Volokh Conspiracy, https://reason.com/volokh/2024/02/21/fourth-circuit-on-one-sided-pseudonymity-in-sexual-assault-cases/ (Feb. 21, 2024, 10:46 AM).

the decisions relate to merits questions or to sealing or pseudonymity questions. See Mot. to Intervene and Unseal at 3-4.

"Volokh has shown a concrete and particularized injury to his right of public access caused by the Sealing Order because, but for the Sealing Order, Volokh would be able to gather information from the record and disseminate his opinion regarding this litigation through his blog." *Parson v. Farley*, 352 F. Supp. 3d 1141, 1148 (N.D. Okla. 2018) (allowing intervention to unseal a portion of plaintiff's complaint). "[A]lleged violations of the public right to access judicial records and proceedings and to gather news are cognizable injuries-in-fact sufficient to establish standing." *United States ex rel. Hernandez v. Team Fin. L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023). Movants' "informational interests, though shared by a large segment of the citizenry, bec[o]me sufficiently concrete to confer Article III standing" when movants face an "inability to access judicial documents and materials filed in the proceedings," "information that they contend they have a right to obtain and inspect under the law." *Doe v. Pub. Citizen*, 749 F.3d 246, 264 (4th Cir. 2014). "[B]ecause it is the rights of the public, an absent third party, that are at stake, any member of the public has standing . . . to move the court to unseal the court file in the event the record has been improperly sealed." *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). In this respect, Volokh is like other publishers, from the publishers of *The New York Times* on, who routinely intervene to seek access to sealed court records. *See, e.g., Flynt*, 782 F.3d at 965-67; *Does 1-3 v. Mills*, 39 F.4th 20 (1st Cir. 2022) (noting that the District Court had allowed newspapers to intervene to assert their right

3

of access to information in court records, there the identities of pseudonymous parties).

And "Volokh has also established the redressability prong because, if this Court . . . unseals the requested judicial records, Volokh's injury will be redressed." *Parson*, 352 F. Supp. 3d at 1148. Volokh has "satisfied standing" by showing that he would "be[] deprived of information that he is uniquely well-qualified to study and publicize in his academic work, and which information he can get nowhere else," *Team Fin.*, 80 F.4th at 577. "Professor Volokh's stated interest in this case—his right of access as a member of both 'the press and the general public'—is 'well-established.' That interest confers Professor Volokh 'standing to challenge' the sealing order entered here . . . ." *Doe v. Amar*, No. 22-cv-2252, 2023 WL 4564404, at *3 (C.D. Ill. July 17, 2023) (cleaned up) (quoting *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)).

Nor does *Grae v. Corrections Corporation of America*, 57 F.4th 567 (6th Cir. 2023), suggest the contrary. *Grae* involved a plaintiff who, unlike Volokh, "repeatedly disclaimed any need for the documents himself," *id.* at 569. Volokh, on the other hand, satisfies *Grae*'s suggested test for standing because he has demonstrated "an interest in using the information beyond bringing his lawsuit," *id.* at 571 (or beyond bringing a motion)—his interest is in writing about the court order and the motion to which he currently lacks access.

### III. Reasonable redaction rather than total sealing is the proper means to protect plaintiff's pseudonymity

Plaintiff's argument that the documents should be kept sealed ignores a more "reasonable alternative"—"redaction," *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). "'[I]t is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document.'" *Id.* (favorably quoting *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995)).

Both the motion to proceed pseudonymously and the order granting the motion presumably consist largely of legal arguments and conclusions, which can be disclosed without identifying the plaintiff. *See, e.g.*, *Fazzio v. Standard Exam'r*, No. 1:17-CV-00132-RJS-DBP, 2018 WL 2336113, at *1 (D. Utah May 23, 2018) (rejecting "[p]laintiffs' blanket request to seal" in part because "[p]laintiffs do not identify a single word in their legal argument that should be redacted in the event the court adopts their alternative request to seal only portions of the memorandum"). Keeping both documents fully sealed would obstruct the public's and Volokh's ability to know the circumstances under which pseudonymity motions are granted. If the Court has safety or privacy concerns, the remedy is to redact plaintiff's personally identifying information, not to reject the norm of public access. *See ONEOK Rockies Midstream, L.L.C. v. Midway Machining, Inc.*, No. 1:23-CV-044, 2023 WL 6293866, at *1, *2 (D.N.D. Sept. 27, 2023) ("public access is the norm").

## Conclusion

Volokh is entitled to intervene under Rule 24(b); he has standing to intervene, in order to vindicate his own right of access to the documents; and those documents ought to be unsealed, with any redactions necessary to preserve Plaintiff's pseudonymity.

Respectfully Submitted,

s/ Eugene Volokh

Professor of Law
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu
*Pro se*

March 18, 2024

## Declaration

I, Eugene Volokh, declare under penalty of perjury:

1. I seek access to unseal the motion to proceed pseudonymously (ECF No. 13) and the order granting that motion (ECF No. 14) in order to be able to write about them, something I often do with regard to court filings related to pseudonymity.

2. I tried to access them via PACER, but cannot do because they are sealed.

3. I believe my blog at the *Reason* Magazine site, http://reason.com/Volokh, is the publication that covers pseudonymous litigation more often than any other American publication.

s/ Eugene Volokh

March 18, 2024