IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| North Dakota Human Rights Coalition, Immigrant Development Center, and Plaintiff Doe,<br><br>Plaintiffs,<br><br>vs.<br><br>Patriot Front, Thomas Rousseau, Trevor Valescu, and John Does 1-10,<br><br>Defendants. | Case No. 3:23-cv-160<br><br>**ORDER** |

Plaintiffs, two nonprofit organizations and an individual, moved ex parte for leave for the individual to proceed under the pseudonym "Plaintiff Doe." (Doc. 13). An ex parte order granted that motion. (Doc. 14). Because those documents were filed ex parte, they are not available to defense counsel or the public. After defendants Thomas Rousseau and Trevor Valescu appeared in the action, the court directed the Clerk to provide defense counsel a copy of the order granting Plaintiff Doe permission to proceed pseudonymously.[1] (Doc. 20).

Movant Eugene Volokh, proceeding pro se, requests to intervene under Federal Rule of Civil Procedure 24(b) and requests that the motion to proceed under a pseudonym and the order granting that motion be unsealed. (Doc. 23). Volokh describes himself as a writer for the Volokh Conspiracy blog on the Reason Magazine website

---

[1] Plaintiffs allege several claims against defendant Patriot Front (described as a "a white supremacist group that calls for the formation of a white ethnostate"), Rousseau (Patriot Front's alleged founder and national director), and Valescu (Patriot Front's alleged "Network Director"). (Doc. 1, pp. 1, 11-12). Plaintiffs' claims arise from Patriot Front's affiliates' alleged vandalism of the International Market Plaza in Fargo, North Dakota.

"who often writes about motions to seal and to proceed pseudonymously." (Doc. 23, p. 2). He asserts both a common law and First Amendment right of access to the pseudonymity motion and the order granting the motion.

Plaintiff Doe opposes both requests, asserting Volokh lacks standing to intervene and Plaintiff Doe's privacy and safety interests overcome Volokh's right of access to the motion and order. (Doc. 25). Defendants Rousseau and Valescu have not responded to Volokh's motion within the time allowed to do so, and Volokh asserts neither objects to his requests.

**Law and Discussion**

1.  **Standing**

A prospective intervenor must establish Article III standing. Nat'l Parks Conservation Ass'n v. U.S. Env't Prot. Agency, 759 F.3d 969, 974-75 (8th Cir. 2014). To establish standing, a prospective intervenor must show (1) an injury, (2) causation, and (3) redressability. United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 833-34 (8th Cir. 2009)). "A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor." Nat'l Parks Conservation Ass'n, 759 F.3d at 973.

A prospective intervenor, seeking to unseal judicial records, who has a right of access to those records generally satisfies standing requirements. In re Reps. Comm. for Freedom of the Press, No. 20-MC-0082, 2022 WL 6701785, at *3 (D. Minn. Oct. 11, 2022) (stating "a litigant who is denied access to materials to which he or she claims a legal right suffers an Article III injury"); BASF Corp. v. SNF Holding Co., No. 4:17-cv-251, 2019 WL 2881594, at *9 (S.D. Ga. July 3, 2019) ("It is widely recognized that non-parties have standing to intervene in an action to seek, or oppose, disclosure of sealed

2

court records."); CRST Expedited, Inc. v. TransAm Trucking Inc., No. 16-CV-0052-LTS, 2018 WL 9880439, at *3 (N.D. Iowa Oct. 19, 2018) (concluding a "right of access provides [a prospective intervenor] with standing to intervene for the purpose of unsealing judicial records filed on the docket").

Recently, however, the Sixth Circuit, relying on TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), concluded "the mere denial of information is insufficient to support standing." Grae v. Corr. Corp. of Am., 57 F.4th 567, 569 (6th Cir. 2023). Under that ruling, a prospective intervenor must also show adverse effects flowing from the denial of access of information. Id. at 570. Grae, however, recognized that denial of documents to reporters adversely affects their ability to report, which may satisfy standing requirements. Id. at 571. The Eighth Circuit, quoting TransUnion, recently noted, "An asserted informational injury that causes no adverse effects cannot satisfy Article III." Reps. Comm. for Freedom of the Press v. United States, 94 F.4th 746, 752 n.5 (8th Cir. 2024) (quoting TransUnion, 594 U.S. at 415). The court held the plaintiff, a nonprofit organization dedicated to promoting the interests of journalists, must have had "'concrete plans' to review or use the materials" sought to be unsealed in order to have Article III standing. Id. at 751.

Volokh asserts he has standing "because he seeks access to the court records so that he can write about them," noting his blog "covers pseudonymous litigation more often that any other American Publication." (Doc. 28, p. 2). He states that but for the documents being sealed, he "would be able to gather information from the record and disseminate his opinion regarding this litigation through his blog." Id. at 3 (quoting Parson v. Farley, 352 F. Supp. 3d 1141, 1148 (N.D. Okla. 2018). And he asserts his injury can be redressed by unsealing the judicial records. (Doc. 28, p. 4). Finally, in a

3

declaration, Volokh states he tried to access the documents through the court's electronic filing system but could not because they are sealed. Id. at 7.

Volokh asserts concrete plans to write about the use of a pseudonym in this case, he tried to access the pertinent judicial documents but could not because they are sealed, and if they are unsealed, he would be able to write about the case as planned. Under similar circumstances, other district courts have determined Volokh had standing to intervene. See, e.g., Doe v. Amar, No. 22-cv-2252, 2023 WL 4564404, at *3 (C.D. Ill. July 17, 2023); Doe v. Town of Lisbon, No. 1:21-cv-944-JL, 2022 WL 2274785, at *3 (D.N.H. June 23, 2022); Parson, 352 F. Supp 3d at 1148. This court agrees. Volokh has sufficiently asserted Article III standing.

**2.    Intervention**

Volokh seeks to intervene under Federal Rule of Civil Procedure 24(b), which provides the court discretion to permit a movant to intervene if that person "has a claim or defense that shares with the main action a common question of law or fact." The Eighth Circuit, in Flynt v. Lombardi, found "Rule 24(b) intervention an appropriate vehicle for parties seeking to intervene for the purpose of obtaining judicial records." 782 F.3d 963, 966 (8th Cir. 2015). In reaching that decision, the court stated,

> [W]here a party is seeking to intervene in a case for the limited purpose of unsealing judicial records, most circuits have found that "there is no reason to require such a strong nexus of fact or law." Instead, in such cases, it is the public's interest in the confidentially of the judicial records that—"in the language of Rule 24(b)(2)—[is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervener]."

Id. at 967 (citations omitted and alterations in original).

Volokh has sufficiently asserted standing to intervene, and intervention is permitted under Rule 24(b). Volk's motion to intervene is therefore **GRANTED**.

3.  **Request to Unseal**

Volokh asserts common law and First Amendment rights to access the judicial records. (Doc. 23, pp. 2-7). Plaintiffs do not dispute that Volokh has both a common law and a First Amendment right to access the records. (Doc. 25, p. 5). However, plaintiffs assert Plaintiff Doe's privacy and safety interests override Volokh's right of access. Id. at 5-6. They assert disclosure of Plaintiff Doe's identity could threaten Plaintiff Doe's safety as a Muslim Somalian immigrant who is "vulnerable to racist, retaliatory actions from people who share Defendants' discriminatory and anti-immigrant views." Id. at 6. Plaintiffs note "this very case is based on Defendants' racially motivated vandalism of the murals on Plaintiff [Immigrant Development Center's] building, which depicts Plaintiff Doe's family members and close associates." Id. Plaintiffs argue "Plaintiff Doe's identity must remain under seal to ensure their and their family's safety" and Volokh's "interest in writing about the judicial documents . . . on his blog is not a compelling reason that outweighs the potential irreparable harm that would result from unsealing the[ ] court records." Id.

Volokh contends Plaintiff Doe's safety and privacy concerns are insufficient to overcome his right of access and the court must consider less restrictive alternatives, such as redaction. (Doc. 23, p. 7-8). Volokh acknowledges redactions as appropriate to preserve Plaintiff Doe's pseudonymity. (Doc. 28, p. 5). Volokh is not seeking access to Plaintiff Doe's identity. Rather, he seeks access to the circumstances under which pseudonymity was granted.

The court has reviewed the complaint, plaintiffs' motion to proceed under a pseudonym, and the order granting that motion and agrees with Volokh's position—his right of access is not overcome because redaction is a less restrictive alternative that

could protect both his right of access and Plaintiff's Doe's pseudonymity. Volokh's motion to unseal is **GRANTED**.

## Conclusion

Because he has standing and meets requirements of Rule 24, Volokh's motion to intervene is **GRANTED**. Because redaction could protect both his right of access to the judicial records and Plaintiff Doe's identity, Volokh's motion to unseal is **GRANTED** as described in this order.

By **April 15, 2024**, plaintiffs' counsel is directed to file, ex parte, proposed redactions to their pseudonymity motion and to the court's order granting that motion. The proposed redactions should be highlighted or otherwise identified in a manner that enables the court to easily review the proposed redactions. After review of the proposed redactions, the court will publicly file redacted versions of the motion and order.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2024.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge