IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| **NORTH DAKOTA HUMAN RIGHTS COALITION, IMMIGRANT DEVELOPMENT CENTER, and PLAINTIFF DOE,**<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>**PATRIOT FRONT, THOMAS ROUSSEAU, TREVOR VALESCU, and JOHN DOES 1-10,**<br><br>　　　　　Defendants. | Case No.: Case 3:23-cv-00160-ARS |

### EX PARTE MOTION FOR LEAVE FOR PLAINTIFF DOE TO PROCEED UNDER PSEUDONYM

### INTRODUCTION

Plaintiff Doe is a Muslim, Somali immigrant who came to the United States in 1997 and gained citizenship in 2003. ███████████████████████████████████ ███████████████████████████ Plaintiff Doe's specific demographic is the target of Defendant Patriot Front's hateful rhetoric and Plaintiff Doe has experienced firsthand Defendant Patriot Front's property destruction and propaganda. Not surprisingly, Plaintiff Doe has legitimate concerns regarding ███ safety and privacy in bringing this case to hold Defendants accountable.

Plaintiff Doe seeks leave to proceed under a pseudonym for the pendency of this case to protect ███ privacy and to protect ████ and ███ family from harassment, intimidation, and violence from Defendants or others who share in the hateful rhetoric and ideology perpetuated by organizations such as Defendant Patriot Front. If Plaintiff Doe is not permitted to proceed under a pseudonym, ███ faces a significant risk of intimidation, harassment, and/or violence. Plaintiff

1

Doe's substantial privacy interest thus outweighs the public interest in knowing ■ identity. Further, Defendants will suffer no prejudice if Plaintiff Doe is allowed to proceed under a pseudonym in this case.

Plaintiff Doe is prepared to provide a statement of ■ true identity under seal, upon the Court's request.

## ARGUMENT

### I. LEGAL STANDARD

Safety and privacy concerns may outweigh the typical requirement that the "title of the complaint must name all the parties." *See* Fed. R. Civ. P. 10(a); *Doe v. Grinnell College*, No. 4:17-cv-079-RGE-SBJ, 2017 WL 11646145, at *2 (S.D. Iowa Jul. 10, 2017); *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (explaining that Rule 10(a)'s requirement "is not absolute"). "[A] substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings" may justify allowing a party to proceed under a pseudonym. *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993) ("Federal courts traditionally have recognized that in some cases the general presumption of … identification of parties … by their real names [] should yield in deference to sufficiently pressing needs for party or witness anonymity."). "The crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously," because "[i]f a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the court's opinions and orders." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016) (citations omitted).

Neither the Supreme Court, the Eighth Circuit, nor this Court has explicitly ruled on a test to determine whether a plaintiff may proceed anonymously. *See Doe v. Grinnell*, 2017 WL

11646145, at *2. Several other circuits and other district courts in the Eighth Circuit have adopted various multi-factor tests, such as the following:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90); *see also S.A.A. v. Geisler*, No. 21-cv-02071-PJS-HB, 2022 WL 179198, at *1 (D. Minn. Jan. 20, 2022) (quoting same). Other circuits consider similar factors, including safety and social stigma. *See Doe v. Washington Univ.*, 2023 WL 1771111, at *2 (E.D. Mo. Jan. 20, 2023) (applying Fifth Circuit test articulated in *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). These factors, however, are non-exhaustive, and courts may consider other relevant facts of a particular case. *Doe v. Grinnell*, 2017 WL 11646145, at *2 (quoting *Sealed Plaintiff*, 537 F.3d at 189-90). "Ultimately, 'this factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests.'" *Id.*

    **II.    PLAINTIFF DOE'S SAFETY AND PRIVACY CONCERNS WARRANT USE OF A PSEUDONYM.**

Plaintiff Doe should be allowed to proceed anonymously to preserve ▉ physical safety and personal privacy. Identifying Plaintiff Doe by name in this case would pose a risk of

3

retaliatory harm to ▌ family, and other innocent non-parties involved with the International Market Plaza. ▌ identity as a Muslim, Somali immigrant and ▌, coupled with Patriot Front's history of targeting minorities, makes ▌ particularly vulnerable to retaliation and social stigma in this case. Further, this is a highly sensitive matter involving racially motivated aggression. Finally, there is no risk of undue prejudice to Defendants from allowing Plaintiff Doe to proceed under a pseudonym.

### A. Identification of Plaintiff Doe Risks Retaliatory Harm to Both ▌ and Others.

Plaintiff Doe needs to proceed anonymously in order to protect ▌ and those around ▌ from retaliation by Defendants and other hate groups. This risk of retaliation is a key reason to allow a plaintiff to use a pseudonym. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) ("[B]ased on the extreme nature of the retaliation threatened against plaintiffs coupled with their highly vulnerable status, [] plaintiffs reasonably fear severe retaliation, and [] this fear outweighs the interests in favor of open judicial proceedings."). And even "[p]otential retaliatory physical or mental harm" is a sufficient basis to proceed anonymously. *Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017). It is enough that a plaintiff "fears that disclosure of his participation in this case *could* result in retaliation" or that she "*may* be harassed." *Id.* (emphasis added). Plaintiffs need not prove that they face a danger of physical injury to proceed anonymously; fear of retaliation is sufficient. *Advanced Textile*, 214 F.3d at 1071.

Courts have also permitted use of a pseudonym where disclosure of a plaintiff's identity could jeopardize their family members' safety or subject them to harm or harassment. *Trump*, 2017 WL 818255, at *1 (allowing plaintiffs to proceed anonymously where harm could come "to themselves or innocent family members").

4

Plaintiff Doe's complaint is based on the racially motivated defacement of the International Market Plaza, a large indoor market in Fargo, North Dakota that is home to shops, restaurants, grocery stores, and an after-school program owned and operated exclusively by people of color and immigrants from African, Middle Eastern, and Latin American nations. The mural that Defendants vandalized was a celebration of multiculturalism and diversity, and it depicted young Black and brown women wearing hijabs. Through that attack, their other white supremacist activations, and their online campaigns to spread hate, Defendants have made their disdain for and active hostility towards nonwhite Americans and immigrants quite clear. Given Defendants' hateful views and past acts of aggression, Plaintiff Doe has a reasonable fear of retaliatory harm. Defendants' previous attacks in Fargo have been unprovoked, and Plaintiff Doe now fears that ▮ and others will face even greater retribution for seeking to hold Defendants accountable and bringing their actions to light. The Court should proactively lessen that risk of retaliation by allowing Plaintiff Doe to proceed anonymously.

In addition to Defendant Patriot Front's well-documented campaign of vandalism, intimidation, and violence in Fargo and beyond, Defendants' racist, anti-immigrant, and anti-minority views are shared by an alarming number of similar organizations.[1] Public identification of Plaintiff Doe would subject ▮ to the significant risk of emotional, economic, or physical retaliation by Defendants and their ideological compatriots, for example, via online and/or physical harassment. Hate groups like Defendant Patriot Front utilize social media and other platforms that allow them to reach, radicalize, and mobilize scores of devout followers. Without a pseudonym, Plaintiff Doe is at risk of having ▮ identity broadcast across these platforms,

---

[1] *See, e.g.*, Carol Schaeffer and Fritz Zimmermann, *They are Racist; Some of Them Have Guns. Inside the White Supremacist Group Hiding in Plain Sight*, ProPublica (Nov. 8, 2019, 5:00 AM), https://www.propublica.org/article/they-are-racist-some-of-them-have-guns-inside-the-white-supremacist-group-hiding-in-plain-sight.

5

exposing ▇ to even more potential threats and vitriol. Defendants and other white supremacist organizations also have a practice of disclosing and publishing the identities (often including names and addresses) of individuals who oppose their message and conduct. This practice is known as "doxing," and it makes those individuals greater targets for violence and threats from Defendants, their co-conspirators, and sympathizers. Plaintiff Doe therefore seeks anonymity because ▇ "expect[s] extensive harassment and perhaps even violent reprisals if ▇ identit[y] is] disclosed to a … community hostile to the viewpoint reflected in [P]laintiffs' complaint." *Stegall*, 653 F.2d at 186.

Defendants' conduct has already deterred customers and shopkeepers alike from visiting the International Market Plaza, thus impairing Plaintiff Doe's ability to earn a living. Retaliation resulting from public disclosure of Plaintiff Doe's identity would almost certainly amplify that negative impact, given the possibility of additional targeting by Defendants and similar hate groups.

Additionally, permitting Plaintiff Doe to proceed under a pseudonym helps protect against the risk of harm to other non-party individuals. Plaintiff Doe has family members, ▇ who are not a party to this action. These individuals, especially the ▇ are especially vulnerable given their age, race, religion, and immigration status, and they may face a higher risk of retaliation if Plaintiff Doe's anonymity is not preserved.

### B. Plaintiff Doe Is Particularly Vulnerable to Retaliation and Stigma Due to ▇ Identity.

Plaintiff Doe is an immigrant, a Muslim, and a ▇ an identity that places ▇ directly at odds with Patriot Front's conception of America. Defendant Patriot Front's mission is to force "a hard reset on the nation we see today – a return to the traditions and virtues of our [European] forefathers" who "left their European homes . . . [and who] found a common

6

cause and a common identity as Americans." (Compl. ¶ 4 (quoting *Manifesto*, Patriot Front, https://patriotfront.us/manifesto/).) Defendant Patriot Front's self-articulated ideology is based on the belief that "[f]rom the varied nations and cultures of Europe [the United States] was forged in the flames of conquest" and that true Americans share a "pan-European identity." (*Id.* ¶ 21 (quoting same).) Defendant Patriot Front believes that "[t]o be an American is to be a descendant of conquerors . . . . This unique identity was given to us by our [European] ancestors, and this national spirit remains firmly rooted in our blood." (*Id.* ¶¶ 4, 21 (quoting same).) The "hard reset" envisioned by Defendant Patriot Front seeks to marginalize, intimidate, and silence Americans such as Plaintiff Doe, erasing them from society to create Defendants' imagined white supremacist utopia.

Indeed, Defendant Patriot Front's website spouts anti-immigrant propaganda, advocating reclamation of America from racial and ethnic minorities. (*Id.* ¶ 52.) And Defendants have targeted other immigrant-owned businesses in Fargo before. (*Id.* ¶ 13.) Defendants have already victimized those who share Plaintiff Doe's intersectional identities in the very events underlying this litigation. (*Id.* ¶¶ 2, 9-10.) Plaintiff Doe therefore seeks this Court's aid in protecting ▇ from further hate attacks now motivated not only by ▇ identity but also by ▇ quest to bring Defendants to justice.

        **C.**    **The Ongoing Community Tension Exacerbated by Defendants' Attacks Underscores Plaintiff Doe's Need for Anonymity.**

The ongoing events in Fargo warrant added caution and favor anonymity. *See Neverson*, 820 Fed App'x at 988. On July 14th, a Muslim man killed a Fargo police officer. Although this individual had no association with Plaintiff Doe, or any of the events in the Complaint, this act has led to increased Patriot Front anti-immigrant propaganda and vandalism. (*See* Compl. ¶ 14.) The present action need not place Plaintiff Doe in the center of the broader tension in Fargo.

7

### D. Defendants Will Not Be Prejudiced by Plaintiff Doe Proceeding Under a Pseudonym.

Plaintiff Doe's use of a pseudonym will cause no prejudice to Defendants. "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party . . . ." *Advanced Textile*, 214 F.3d at 1068. Where "defendants suffer no prejudice by not knowing the names of plaintiffs," it is proper to grant use of a pseudonym. *Id.* at 1072.

Here, Defendants can show no prejudice based on Plaintiff Doe's use of a pseudonym. The Complaint is replete with specific allegations, including when and where the vandalism took place and photographs of the actual misconduct, that give Defendants adequate notice to defend the claims at issue. Thus, Defendants have no need to know Plaintiff Doe's true identity. If, at a later time, Defendants do adequately articulate why Plaintiff Doe's identity is necessary, Plaintiffs may consider sharing Plaintiff Doe's identity with Defendants under a protective order that will keep ▌ identity from the public. But at present, there is no such need.

Additionally, Plaintiff Doe is not the only or even the primary plaintiff in this action. The Immigrant Development Center and the North Dakota Human Rights Coalition are both named plaintiffs and should give Defendants and the public adequate notice of the details of the case. *See Trump*, 2017 WL 818255, at *3 ("[T]he public already has significant information about the parties in this case because there are two organizational plaintiffs and two individual plaintiffs whose names have been disclosed."). This is not a situation where Defendants are totally unaware of the allegations against them, and so they cannot show prejudice sufficient to outweigh the risks of retaliation and stigma outlined above.

8

**CONCLUSION**

Plaintiff Doe has an actual, reasonable fear of retaliation from Defendant Patriot Front and its members. Defendants' racist and anti-immigrant rhetoric specifically targets Plaintiff Doe's race and religion, so ▮ is especially susceptible to stigma and harm. Therefore, for the reasons set forth above, Plaintiff Doe requests that the Court grant this motion to proceed under a pseudonym.

Date: December 18, 2023          By:  /s/ Christine Wong
                                      Christine Wong (CA Bar No. 284026)
                                      William Frentzen (CA Bar No. 343918)
                                      Christina Dierolf (CA Bar No. 335258)
                                      MORRISON & FOERSTER LLP
                                      425 Market Street
                                      San Francisco, CA  94105-2482
                                      Telephone: (415) 268-7000
                                      Facsimile: (415) 268-7522
                                      christinewong@mofo.com
                                      wfrentzen@mofo.com
                                      cdierolf@mofo.com

                                      Jon M. Greenbaum (DC Bar No. 489887)
                                      Arthur Ago (DC Bar No. 463681)
                                      LAWYERS' COMMITTEE FOR CIVIL RIGHTS
                                      UNDER LAW
                                      1500 K Street, NW, Suite 900
                                      Washington, DC 20005
                                      Telephone: (202) 662-8600
                                      Facsimile: (202) 783-0857
                                      jgreenbaum@lawyerscommitte.org
                                      aago@lawyerscommittee.org

                                      Timothy Q. Purdon (ND Bar No. 05392)
                                      ROBINS KAPLAN LLP
                                      1207 West Divide Avenue, Suite 200
                                      Bismarck, ND 58501
                                      Telephone: (701) 255-3000
                                      Facsimile: (612) 349-8767
                                      tpurdon@robinskaplan.com

                                      Attorneys for Plaintiffs