IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| North Dakota Human Rights Coalition, Immigrant Development Center, and Plaintiff Doe, <br><br> Plaintiffs, <br><br> vs. <br><br> Patriot Front, Thomas Rousseau, Trevor Valescu, and John Does 1-10, <br><br> Defendants. | Case No. 3:23-cv-160 <br><br> **ORDER GRANTING EX PARTE MOTION FOR LEAVE FOR PLAINTIFF DOE TO PROCEED UNDER A PSEUDONYM** |

Plaintiffs move, ex parte, for leave for "Plaintiff Doe" to proceed under a pseudonym in order to protect ▮ physical safety and personal privacy.

The North Dakota Human Rights Coalition, Immigrant Development Center, and Plaintiff Doe filed a complaint on September 1, 2023, against the group Patriot Front, Thomas Rousseau, Trevor Valescu, and ten John Does. Plaintiffs allege multiple claims under 42 U.S.C. §§ 1985, 1986 and 1981, and claims of conversion, trespass, trespass to chattel, and civil conspiracy. (Doc. 1). According to the complaint, on September 3 and September 5, 2022, persons affiliated with Patriot Front trespassed onto and vandalized the International Market Plaza in Fargo, North Dakota. The complaint describes the International Market Plaza as a large indoor community space filled with African, Middle Eastern, and Latin American immigrant-owned shops, restaurants, and grocery stores. According to photos included in the complaint, the front of the market and multiple murals were defaced with spray-painted Patriot Front links in September of 2022. Id. at 15, 18-19.

**Law and Discussion**

The Federal Rules of Civil Procedure state every pleading must name all the parties using the names of the real parties in interest. Fed. R. Civ. P. 10(a) and 17(a). Courts consider the Rules' requirements to establish a strong presumption against the use of pseudonyms. Doe v. Mass. Inst. of Tech., 46 F.4th 61, 67 (1st Cir. 2022); Doe v. Wash. Univ., 652 F. Supp. 3d 1043, 1045 (E.D. Mo. 2023); Luckett v. Beaudet, 21 F. Supp. 2d 1029 (D. Minn. 1998). But many courts have also found the Rules' requirements are not absolute and may allow a party to proceed under a pseudonym if they demonstrate a "substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." Doe v. Public Citizen, 749 F.3d 246, 274 (4th Cir. 2014); Sealed Plaintiff v. Sealed Defendant, 527 F.3d 185, 189 (2nd Cir. 2008); Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992); Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981).

Neither the Supreme Court nor the Eighth Circuit has established a standard for determining whether a party has a substantial privacy right that outweighs the need for openness of judicial proceedings and therefore allows a party to proceed under a pseudonym. Other circuits, and some district courts, have utilized multi-factor balancing tests for making that determination.[1] Here, the court will apply a multi-factor test

---

[1] The Eleventh and Fifth Circuits have utilized a test that considers whether plaintiffs seeking pseudonymity are challenging governmental activity, whether plaintiffs will be required to disclose information of the utmost intimacy, and whether plaintiffs will be compelled to admit their intention to engage in illegal conduct or risk criminal prosecution. Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011); Stegall, 653 F.2d at 185. The Ninth Circuit has used a three-factor test looking at whether there is a risk of retaliatory harm, whether the matter is sensitive, and whether the party who desires pseudonymity will be compelled to admit their intention to engage in illegal conduct. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068, (9th Cir. 2000). The Fourth Circuit determines if a plaintiff can use a pseudonym based on five factors:

developed in the Second Circuit and adopted by other district courts within the Eighth Circuit,

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [their] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Doe v. Grinnell Coll., No. 4:17-cv-079, 2017 WL 11646145, at *2 (S.D. Iowa July 10, 2017) (quoting Sealed Plaintiff, 527 F.3d at 189-90); see also Doe v. City of Apple Valley, No. 20-cv-499, 2020 WL 1061442, at *1 (D. Minn. Mar. 5, 2020).

Not all of these factors must be considered in each case; rather, a court uses its discretion to determine which factors are relevant to a particular case. Sealed Plaintiff, 527

---

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the age of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Public Citizen, 749 F.3d at 273 (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993).

3

F.3d at 189; Grinnell Coll., 2017 WL 11646145, at *2; City of Apple Valley, 2020 WL 1061442, at *1. Here, the court finds the following factors relevant: whether identification poses a risk of retaliatory physical or mental harm to Plaintiff Doe, whether Plaintiff Doe is particularly vulnerable, whether defendants will be prejudiced by allowing Plaintiff Doe to proceed pseudonymously, and whether Plaintiff Doe's identity has thus far been kept confidential.

1. **Risk of retaliatory physical or mental harm**

Historically, courts have allowed the use of pseudonyms if identification of a party would pose a risk of retaliatory harm to them. See James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); Advanced Textile Corp., 214 F.3d at 1071; Stegall, 653 F.2d at 186. Specific past incidents of violence or vandalism have been found to show a risk of retaliatory harm. Doe v. USD No. 237 Smith Ctr. Sch. Dist., No. 16-cv-2801, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017); Javier H. v. Garcia-Botello, 211 F.R.D. 194, 196 (W.D.N.Y. 2002); Doe v. United States, No. 1:19-cv-1673, 2019 WL 6218832, at *4-5 (M.D. Pa. Nov. 21, 2019). Fear of retaliatory action can be sufficient to satisfy this factor. Advanced Textile Corp., 214 F.3d at 1071. This factor also takes into consideration innocent non-parties' risk of retaliatory physical or mental harm.

Plaintiffs argue identification of Plaintiff Doe poses a risk of retaliatory physical or mental harm to ▮ and ▮ family and support this argument with various quotations from Patriot Front's website. Plaintiffs quote the website's statements arguing, "Patriot Front's mission is to force 'a hard reset on the nation we see today — a return to the traditions and virtues of our [European] forefathers' who 'left their European homes' . . . [and who] 'found a common cause and a common identity as Americans.'" (Doc. 13, pp. 6-7) (quoting Manifesto, Patriot Front, https://patriotfront.us/manifesto). Plaintiffs also

4

argue "Patriot Front believes that '[t]o be American is to be a descendant of conquerors. . . . This unique identity was given to us by our [European] ancestors, and this national spirit remains firmly rooted in our blood.'" Id. at p. 7.

Additionally, Plaintiffs' complaint contains examples of Patriot Front's harassment and quotes from the group's website showing identification could pose a risk of retaliatory physical or mental harm to Plaintiff Doe. The complaint states, "According to Patriot Front's Manifesto, published on its website, the only people who are Americans are those 'of the founding stock of our [European] people,' and who 'share the common spirit that permeates throughout our [European] greater civilization, and the European diaspora.'" (Doc. 1, p. 2) (quoting Manifesto, Patriot Front, https://patriotfront.us/manifesto). Plaintiffs argue, "The Manifesto espouses white nationalist rhetoric and advocates for 'a generation of brave men to fearlessly rise to face all threats to their collective interests,' in order to 'urge our [European] people onward' as 'the true inheritors of America.'" Id. The complaint also alleges, "The group's online propaganda includes phrases like 'Embrace violence,' 'Become war,' and 'Train with your friends. Fight your enemies.'" Id. at p. 8. The complaint further alleges Patriot Front members have previously terrorized immigrant communities around the United States including in Fargo, with the most recent intimidation of the Fargo immigrant community taking place in July 2023, after "a man of unknown origin" killed a Fargo police officer. Id. at pp. 5, 12-15.

According to the complaint, Plaintiff Doe is the Executive Director of the Immigrant Development Center, which owns the International Market Plaza building. Plaintiff Doe is a ▮▮▮ Muslim, Somalian immigrant who came to the United States in 1997 and became a citizen in 2003. Id. at p. 6. Plaintiff Doe alleges ▮▮ is fearful of harassment and threats if ▮▮ identity is disclosed to defendants. (Doc. 13, pp. 4-7). Also, according to the complaint,

5

Plaintiff Doe is concerned retaliatory harm may be projected onto ▮▮▮▮▮▮ who likely share ▮ identities. Id. The complaint alleges defendants have formally targeted individuals who share the same identities as Plaintiff Doe. (Doc. 1, p. 4).

Based on the allegations and supporting evidence in plaintiffs' complaint and ex parte motion, plaintiffs have shown Plaintiff Doe's race, religion, and immigrant status demonstrate a likelihood that release of ▮ identification would pose a risk of retaliatory physical or mental harm to Plaintiff Doe, ▮ family, and ▮ community.

2.  **Particular Vulnerability of Plaintiff Doe**

Courts have considered whether a plaintiff is vulnerable based on their age. And, if a plaintiff is not a minor, courts generally weigh that against allowing the plaintiff proceeding pseudonymously. See Rapp v. Fowler, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021); Doe v. McLellan, No. CV 20-5997, 2020 WL 7321377, at *2 (E.D.N.Y. Dec. 20, 2020). Although age is the most common consideration of vulnerability, it need not be the only consideration. In this case, the court looks to Plaintiff Doe's race, religion, and immigrant status as showing ▮ particular vulnerability. Based on the plaintiffs' arguments and supporting evidence within the complaint and ex parte motion, and considering Plaintiff Doe's race, religion, and immigrant status, the court concludes plaintiffs have shown Plaintiff Doe is particularly vulnerable.

3.  **Undue Prejudice to Defendants**

Most of the cases cited discuss a party's request to use a pseudonym in order to protect the party's identity from the public. Here, Plaintiff Doe is requesting to use a pseudonym to protect ▮ identity from the public but more importantly to protect ▮ identity from defendants. Because defendants generally have a right to know who is bringing a case against them, this court must determine if Plaintiff Doe's request to use a

pseudonym would unduly prejudice defendants. In determining if defendants would experience undue prejudice under these circumstances, this court looks to whether defendants would have difficulty participating in the proceedings if Plaintiff Doe is allowed to continue to utilize a pseudonym.

The complaint includes no claims brought solely on behalf of Plaintiff Doe. The claims relate to the International Market Plaza and the community that utilizes that market space. Based on the description of the claims, including when and where the alleged vandalism took place and photographs of the vandalism, it appears defendants could adequately defend themselves against the claims without knowing Plaintiff Doe's identity. Further as plaintiffs suggest, if defendants later demonstrate their need to know Plaintiff Doe's identity, the court could consider entry of an appropriate protective order. (See Doc. 13, p. 8).

4. **Confidentiality of Plaintiff Doe's Identity Thus Far**

If a plaintiff's identity has not been kept confidential during the entirety of the proceedings, that may weigh against the plaintiff's request to use a pseudonym. Doe v. Tr. of Ind. Univ., 577 F. Supp. 3d 896, 908 (S.D. Ind. 2022). According to the docket, Plaintiff Doe has kept ▇ identity confidential thus far. Therefore, this court weighs this factor in favor of Plaintiff Doe and ▇ request to continue utilizing a pseudonym.

5. **Consideration of Factors in Combination**

Having considered the factors discussed above, the court will allow Plaintiff Doe to proceed pseudonymously. However, Plaintiff Doe's identity is currently unknown to this court. Allowing ▇ to proceed under a pseudonym poses a problem regarding determination of any recusal obligations, in that a meaningful check for possible reasons to recuse is impossible. The First Circuit has held "courts tasked with resolving pseudonymity

7

motions must be afforded the anonymous party's true name under seal" in order to properly check for any reasons to recuse. Mass. Inst. of Tech., 46 F.4th at 77. Plaintiffs' motion states Plaintiff Doe will disclose ▬ identity to the court under seal if the court requires. (Doc. 13, p. 2). Plaintiffs are required to submit Plaintiff Doe's full name in an ex parte filing to allow the court to conduct a conflict check.

## Conclusion

Plaintiffs have shown Plaintiff Doe has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of disclosure of a party's identity by showing that disclosure of Plaintiff Doe's identity poses a significant risk of physical or mental harm to ▬. Additionally, plaintiffs have shown Plaintiff Doe is particularly vulnerable to harm if ▬ is unable to proceed pseudonymously, defendants would not suffer undue prejudice by Plaintiff Doe proceeding pseudonymously, and Plaintiff Doe has continually kept ▬ identity confidential so far in this litigation. Plaintiffs' ex parte motion for leave for Plaintiff Doe to proceed under a pseudonym, (Doc. 13), is **GRANTED**.

Within ten days of the date of this order, plaintiffs must file, ex parte, a document providing Plaintiff Doe's true name.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2024.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge