IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| NORTH DAKOTA HUMAN RIGHTS COALITION, IMMIGRANT DEVELOPMENT CENTER, and PLAINTIFF DOE | § § § § § | Civil Action No. 3:23-cv-00160-PDW-ARS |
| Plaintiffs, | § | |
| v. | § § | |
| PATRIOT FRONT, THOMAS ROUSSEAU, TREVOR VALESCU, and JOHN DOES 1 – 10 | § § § § | |
| Defendants. | § | |

**ORIGINAL ANSWER OF THOMAS RYAN ROUSSEAU**

Defendant, Thomas Ryan Rousseau ("Rousseau") files this his original answer to Plaintiffs' Complaint (the "Complaint in the above numbered and styled case.

**SPECIFIC DENIALS**

1. Rousseau admits that The International Market Plaza in Fargo, ND is a large indoor market that is home to shops, restaurants, and grocery others. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph one of the Complaint.

2. Rousseau denies that Patriot Front is a "white supremacist group" that calls for the formation of a "white ethnostate", together with the allegation that the Patriot Front website is "littered with racist and xenophobic propaganda". Specifically, Rousseau would show that terms such as "white supremacist", "white ethnostate," "racist", and "xenophobic" are nothing more than rhetorical hyperbole – terms intended as

insults which have been overused to such an extent in the modern lexicon that they no longer have any discernible meaning.

3. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph three of the Complaint

4. Rousseau admits the allegations contained in paragraph four of the Complaint.

5. Rousseau admits the allegations contained in paragraph five of the Complaint, except for the use of the term "white nationalist", which Rousseau denies and show is nothing more than rhetorical hyperbole – a term intended as an insult which has been overused to such an extent in the modern lexicon that it has ceased to have any discernible meaning.

6. Rousseau admits that allegations contained in paragraph six of the Complaint only to the extent that they allege that Patriot Front has engaged nationwide in lawful activism consistent with its rights under the First Amendment. To the extent that paragraph six alleges otherwise, Rousseau denies such allegations.

7. Rousseau admits that Patriot Front prominently displays images of members engaged in lawful activism, consistent with the rights of both Patriot Front and its members under the First Amendment. Rousseau also admits that such pictures often include labels and descriptions what document where these images were taken. Otherwise, Rousseau denies the allegations contained in paragraph seven of the Complaint.

8. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eight of the Complaint.

9. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph nine of the Complaint.

10. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph ten of the Complaint.

11. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eleven of the Complaint.

12. Rousseau denies the allegations contained in paragraph twelve of the Complaint.

13. Rousseau admits the allegations contained in paragraph thirteen of the Complaint to the extent that they allege that Patriot Front has engaged in lawful political activism in the Fargo-Moorhead area consistent with its rights under the First Amendment. All remaining allegations are denied. Rousseau denies paragraph thirteen to the extent it alleges that Patriot Front members target business owned and operated by non-white, immigrant, and other marginalized communities. Rousseau denies that Patriot Front's activism is intended to be intimidating or that it could be reasonably understood or interpreted as intimidating. Rousseau denies paragraph thirteen to the extent it makes allegations that Patriot Front's conduct is "racist" or "xenophobic" as such terms are nothing more than rhetorical hyperbole – terms intended as insults which have been overused to such an extent in the modern lexicon that they no longer have any discernible meaning.

14. Rousseau admits the allegations contained in paragraph fourteen of the Complaint to the extent that they allege that Patriot Front has engaged in lawful political activism in the Fargo-Moorhead area consistent with its rights under the First

Amendment. To the extent paragraph fourteen alleges otherwise, Rousseau denies. Rousseau specifically denies that any person or community has been "terrorized", would show that Patriot Front consists of peaceful like-minded political activists, and that Patriot Front does not engage in activism for the purpose of intimidation or with the intent to intimidate others.

15. Rousseau is not required to admit or deny paragraph fifteen of the Complaint to the extent that it only states only legal conclusions. To the extent that it states anything this beyond legal conclusions, Rousseau would show that the contents of the Complaint speak for themselves. Rousseau denies that he is liable to Plaintiffs in any way or under any legal theory.

16. Rousseau admits the allegations contained in paragraph sixteen of the Complaint.

17. Rousseau admits the allegations contained in paragraph seventeen of the Complaint.

18. Rousseau admits that Immigrant Development Center is the owner of the International Market building. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph eighteen of the Complaint.

19. Rousseau admits that The Immigrant Development Center is a non-profit organization and landlord for the International Market Plaza. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph nineteen of the Complaint

20. Rousseau admits that the North Dakota Human Rights Coalition is a non-profit. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph twenty of the Complaint

21. Rousseau admits the allegations contained in paragraph twenty-one of the Complaint except for the allegations that Patriot Front is "white supremacist" or that its belief system is "deeply racist". Specifically Rousseau would show that such terms are more than rhetorical hyperbole – a terms intended as insults which have been overused to such an extent in the modern lexicon that they has ceased to have any discernible meaning.

22. Rousseau denies the allegations contained in paragraph twenty-two of the Complaint.

23. Rousseau admits that Patriot Front was founded in 2017, that a handful of members were previously associated with Vanguard America, and that Vanguard America marched at the "Unite the Right" rally in Charlottesville, Virginia in August of 2017. Rousseau denies the remaining allegations contained in paragraph twenty-three of the Complaint.

24. Rousseau denies the allegations contained in paragraph twenty-four of the Complaint.

25. Rousseau admits that Patriot Front engages in activism through lawful political activism consistent with its First Amendment rights. To the extent paragraph twenty-five makes any allegations to the contrary, Rousseau denies them.

26. Rousseau denies the allegations contained in paragraph twenty-six of the Complaint.

27. Rousseau admits that he is the national director of Patriot Front and that promotional materials for the organization are purchased directly from Patriot Front's leadership. Rousseau admits that member of Patriot Front must actively participate in the group's activities to remain in good standing. Rousseau denies that good standing in Patriot Front requires any member to place even a single sticker or spraypainted stencil. Rousseau denies the remaining allegations contained in paragraph twenty-seven of the Complaint.

28. Rousseau admits that the stencils sold to Patriot Front, to members and non-members alike, contain instructions that include recommended paint colors. Rousseau denies the remaining allegations contained in paragraph twenty-eight of the Complaint.

29. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twenty-nine of the Complaint.

30. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty of the Complaint.

31. Rousseau admits the allegations contained in paragraph thirty-one of the Complaint.

32. Rousseau admits the allegations contained in paragraph thirty-two of the Complaint.

33. Rousseau admits that he is the founder and national director of Patriot Front and that he supervises Patriot Front nationwide. Rousseau denies the remaining allegations contained in paragraph thirty-three of the Complaint.

34. Rousseau denies the allegations contained in paragraph thirty-four of the Complaint.

35. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty-five of the Complaint.

36. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty-six of the Complaint.

37. Rousseau admits that the photographs submitted in support of paragraph thirty-seven of the Complaint appear to substantiate the allegations contained therein. Rousseau denies personal knowledge of or personal involvement in the same. Additionally, Rousseau denies that there was any "escalation" of Patriot Front activity in Fargo, North Dakota during the summer and fall of 2022. Finally, Rousseau denies that the placement of stickers or stencils by Patriot Front necessarily constitutes "vandalism" in every instance.

38. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty-eight of the Complaint.

39. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty-nine of the Complaint.

40. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty of the Complaint.

41. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-one of the Complaint.

42. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-two of the Complaint.

43. Rousseau admits that the photographs presented in paragraph forty-three of the Complaint appear to be the same as those referenced in paragraph forty-six of the Complaint. Otherwise, Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-three of the Complaint.

44. Rousseau admits that the photographs depicted in paragraph forty-six of the Complaint appear to support the allegations contained in paragraph forty-four for the Complaint. Otherwise, Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-four of the Complaint.

45. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-five of the Complaint.

46. Rousseau admits that the photographs presented in paragraph forty-six of the Complaint appear to be the same as those referenced in paragraph forty-three of the Complaint. Otherwise, Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-six of the Complaint.

47. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-seven of the Complaint.

48. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-eight of the Complaint.

49. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-nine of the Complaint.

50. Rousseau admits that the allegations contained in paragraph fifty of the Complaint appear to be supported by the photograph contained in paragraph fifty-one of the Complaint. Otherwise, Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty of the Complaint.

51. Rousseau admits that the photograph contained in paragraph fifty-one of the Complaint appear to portray that sign described in paragraph fifty of the Complaint. Otherwise, Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-one of the Complaint.

52. Rousseau admits that Patriot Front is "nationwide". With respect to the Patriot Front website, Rousseau admits that it features philosophical and ideological declarations as to the form and methods of government or society, and that the word "reclaim" is included in one of Patriot Front's slogans. Rousseau denies that the Patriot Front website states verbatim that "America must be reclaimed". Rousseau also denies that Patriot Front is "white supremacist" and would show that this is nothing more than rhetorical hyperbole – a term intended as an insult which has been overused to such an extent in the modern lexicon that it has ceased to have any discernible meaning.

53. Rousseau denies the allegations contained in paragraph fifty-three of the Complaint in as much as they state that the smashing of a traffic mirror is an "act consistent with Defendants' pattern of vandalism and property destruction targeting the International Market Plaza." Rousseau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph fifty-three of the Complaint.

54. Rousseau admits that Patriot Front continues to be "active and organizing in the State of North Dakota and within the City of Fargo". Otherwise, Rousseau denies the allegations contained in paragraph fifty-four of the Complaint.

55. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-five of the Complaint.

56. Rousseau admits the allegations contained in paragraph fifty-six to the extent that it alleges that's that Patriot Front explicitly encourages its members to engage in lawful political activism by exercising their rights under the First Amendment. Rousseau denies the remaining allegations contained in paragraph fifty-six of the Complaint.

57. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-seven of the Complaint.

58. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-eight of the Complaint.

59. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-nine of the Complaint.

60. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph sixty of the Complaint.

61. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph sixty-one of the Complaint

62. In response to paragraph sixty-two of the Complaint, Rousseau incorporates all prior paragraphs of this Answer as if fully set forth herein.

63. Rousseau is not required to admit or deny the allegations contained in paragraph sixty-three of the Complaint because it only states a conclusion of law.

64. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph sixty-four of the Complaint

65. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph sixty-five of the Complaint

66. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph sixty-six of the Complaint

67. Rousseau denies the allegations contained in paragraph sixty-seven of the Complaint.

68. Rousseau denies the allegations contained in paragraph sixty-eight of the Complaint.

69. Rousseau denies the allegations contained in paragraph sixty-nine of the Complaint.

70. In response to paragraph seventy of the Complaint, Rousseau incorporates all prior paragraphs of this Answer as if fully set forth herein.

71. Rousseau is not required to admit or deny the allegations contained in paragraph seventy-one of the Complaint because it only states a conclusion of law.

72. Rousseau denies the allegations contained in paragraph seventy-two of the Complaint.

73. Rousseau denies the allegations contained in paragraph seventy-three of the Complaint.

74. Rousseau admits that he is the founder of Patriot Front and was its national director at the time the alleged conspiracy occurred. Rousseau denies remaining allegations contained in paragraph seventy-four of the Complaint.

75. Rousseau denies the allegations contained in paragraph seventy-five of the Complaint.

76. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph seventy-six of the Complaint

77. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph seventy-seven of the Complaint

78. Rousseau denies the allegations contained in paragraph seventy-eight of the Complaint.

79. In response to paragraph seventy-nine of the Complaint, Rousseau incorporates all prior paragraphs of this Answer as if fully set forth herein.

80. Rousseau is not required to admit or deny the allegations contained in paragraph eighty of the Complaint because it only states a conclusion of law.

81. Rousseau is not required to admit or deny the allegations contained in paragraph eighty-one of the Complaint because it only states a conclusion of law.

82. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty-two of the Complaint

83. Rousseau denies the allegations contained in paragraph eighty-three of the Complaint.

84. In response to paragraph eighty-four of the Complaint, Rousseau incorporates all prior paragraphs of this Answer as if fully set forth herein.

85. Rousseau is not required to admit or deny the allegations contained in paragraph eighty-five of the Complaint because it only states a conclusion of law.

86. Rousseau is not required to admit or deny the allegations contained in paragraph eighty-six of the Complaint because it only states a conclusion of law.

87. Rousseau is not required to admit or deny the allegations in paragraph eighty-seven of the Complaint because this conversion claim against him was dismissed under Rule 12(b)(6). Rousseau otherwise denies all the allegations in this paragraph.

88. Rousseau is not required to admit or deny the allegations in paragraph eighty-eight of the Complaint because this conversion claim against him was dismissed under Rule 12(b)(6). Rousseau otherwise denies all the allegations in this paragraph.

89. Rousseau is not required to admit or deny the allegations in paragraph eighty-nine of the Complaint because this conversion claim against him was dismissed under Rule 12(b)(6). Rousseau otherwise denies all the allegations in this paragraph.

90. Rousseau is not required to admit or deny the allegations in paragraph ninety of the Complaint because this conversion claim against him was dismissed under Rule 12(b)(6). Rousseau otherwise denies all the allegations in this paragraph.

91. Rousseau is not required to admit or deny the allegations in paragraph ninety-one of the Complaint because this conversion claim against him was dismissed under Rule 12(b)(6). Rousseau otherwise denies all the allegations in this paragraph.

92. In response to paragraph ninety-two, Rousseau incorporates all prior paragraphs of this Answer as if fully set forth herein.

93. Rousseau is not required to admit or deny the allegations contained in paragraph ninety-three of the Complaint because it only states a conclusion of law

94. Rousseau admits that Immigrant Development Center owns the land on which International Market Plaza operates and that it did not, at any time, grant him specifically permission to enter its property for any purpose. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph ninety-four of the Complaint

95. Rousseau denies the allegations contained in paragraph ninety-five of the Complaint.

96. Rousseau denies the allegations contained in paragraph ninety-six of the Complaint.

97. In response to paragraph ninety-seven, Rousseau incorporates all prior paragraphs of this Answer as if fully set forth herein.

98. Rousseau is not required to admit or deny the allegations contained in paragraph ninety-eight of the Complaint because it only states a conclusion of law

99. Rousseau is not required to admit or deny the allegations in paragraph ninety-nine of the Complaint because this trespass to chattel claim against him was dismissed under Rule 12(b)(6). Rousseau otherwise denies all the allegations in this paragraph.

100. Rousseau is not required to admit or deny the allegations in paragraph one hundred of the Complaint because this trespass to chattel claim against him was dismissed under Rule 12(b)(6). Rousseau otherwise denies all the allegations in this paragraph.

101. Rousseau is not required to admit or deny the allegations in paragraph one hundred one of the Complaint because this trespass to chattel claim against him was dismissed under Rule 12(b)(6). Rousseau otherwise denies all the allegations in this paragraph.

102. In response to paragraph one hundred two, Rousseau incorporates all prior paragraphs of this Answer as if fully set forth herein.

103. Rousseau is not required to admit or deny the allegations contained in paragraph ninety-eight of the Complaint because it only states a conclusion of law

104. Rousseau denies the allegations contain in paragraph one hundred four of the Complaint.

105. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph one hundred five of the Complaint

106. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph one hundred six of the Complaint

107. Rousseau lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph one hundred seven of the Complaint

108. Rousseau denies the allegations contained in paragraph one hundred eight of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Rousseau prays that Plaintiffs take nothing by their suit against them, that all of Plaintiffs' claims against him be dismissed with prejudice to refiling, that Rousseau recover from Plaintiffs any attorney fees and costs incurred in defending himself against this action, and that he have all such further relief, in law and in equity, to which he may show himself to be justly entitled.

Date: September 30, 2024

Respectfully submitted,

**MAGANA & VAN DYKE, PLLC**

/s/ Jason Lee Van Dyke
Jason Lee Van Dyke
State Bar No. 24057426
1417 E. McKinney Street, #110
Denton, TX 76209
P – (940) 382-1976
F – (469) 453-3031
Email: jason@maganavandyke.com

**Attorney for Thomas Rousseau**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2024, a true and accurate copy of the foregoing were served via ECF procedures of this Court to all counsel of record.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
