**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| North Dakota Human Rights Coalition, et al., | ) ) | |
| Plaintiffs, | ) ) | **ORDER FOR DEFAULT JUDGMENT** |
| vs. | ) ) | |
| Patriot Front, et al., | ) ) | Case No. 3:23-cv-160 |
| Defendants. | ) ) | |
| | ) | |

Plaintiffs North Dakota Human Rights Coalition, Immigrant Development Center, and Plaintiff Doe moved for default judgment against Defendants Patriot Front and John Does 1-10 on February 13, 2026. See Doc. 74. Plaintiffs' complaint was filed on September 1, 2023, and summons were issued that same day. See Docs. 1; 2-5. Defendants had twenty-one days from the date of service to file an answer or otherwise file a responsive motion. See Fed. R. Civ. 12(a). To date, Defendants have not responded to the complaint or otherwise appeared. The Clerk entered an entry of default on April 11, 2025. See Doc. 68.

An entry of default from the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004). Where default has been entered, the "allegations in the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning

Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001). Documentary evidence in the form of affidavits and exhibits can suffice without a hearing when the damages are readily discernable on the basis of the undisputed evidence in the record. Cutcliff v. Reuter, 791 F.3d 875, 883 (8th Cir. 2015). Here, the Court takes the allegations Plaintiffs made in their complaint as true, except for those allegations as to damages, and finds Plaintiffs are entitled to default judgment.

As for damages, Plaintiffs seek $45,000 in compensatory damages for property damage, $24,664.37 in compensatory damages for the past and future cost of security cameras and services, and $2,000,000 in punitive damages. Doc. 74-1 at 11-13. Plaintiffs also seek post-judgment interest and attorneys' fees and costs. Id. at 15.

The Court finds that the affidavits and exhibits support that Defendants owe $24,664.37 in compensatory damages for the past and future cost of security cameras and services. As for the requested $45,000 for property damage, the Court finds that the affidavits and exhibits do not establish this amount "to a reasonable degree of certainty." Everyday Learning Corp, 242 F.3d at 818-19. To start, Plaintiffs support their request with a singular news article that states the murals were created "as part of a $45,000 grantmaking project from ArtPlaceAmerica." Doc. 74-10, p. 2. The Court sees several issues here. First, Plaintiffs do not offer documentation to establish that the murals cost $45,000 to complete. Second, Plaintiffs seek compensatory damages—the purpose of which is to make Plaintiffs whole. To this extent, Plaintiffs offer no documentation to establish that they require $45,000 to return them to the position they held before the vandalism. It is unclear whether Plaintiffs allege a total loss of the murals or whether they are capable of restoration. If Plaintiffs wish to supplement the record, the Court will consider any further documentation in establishing the damages amount. Additionally, Plaintiffs should submit further documentation if they wish to pursue attorneys' fees.

2

In sum, Plaintiffs' motion for default judgment (Doc. 74) is **GRANTED IN PART**. The Court grants default judgment on counts one, two, three, five, and seven asserted in the complaint. The Court will enter a separate order on damages and attorneys' fees after giving Plaintiffs an opportunity to supplement the record. Plaintiffs shall have 30 days from the date of this order to file any supplemental evidence in support of its damages. After determining damages, a separate final judgment shall be entered.

**IT IS SO ORDERED**.

Dated this 15th day of June, 2026.

/s/ *Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court