**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| North Dakota Human Rights Coalition, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Patriot Front, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER FOR DAMAGES**<br><br>Case No. 3:23-cv-160 |

Plaintiffs North Dakota Human Rights Coalition, Immigrant Development Center, and Plaintiff Doe filed a supplemental brief regarding their entitlement to damages. Doc. 81. For the reasons below, the Court awards Plaintiffs compensatory and punitive damages, as well as post-judgment interest. The Court will address Plaintiffs' request for attorney's fees (Doc. 82) in a separate order.

## I. BACKGROUND

Plaintiffs brought claims against Patriot Front under 42 U.S.C. §§ 1981, 1985(3), and 1986, as well as North Dakota state law claims for trespass, civil conspiracy, conversion, and trespass to chattel. Doc. 1. Plaintiffs allege that Patriot Front members vandalized a mural at the International Market Plaza in Fargo, North Dakota. Doc. 1 at 1-2. Plaintiffs' complaint was filed on September 1, 2023, and summons were issued that same day. See Docs. 1; 2-5. Patriot Front had twenty-one days from the date of service to file an answer or otherwise file a responsive motion. See Fed. R. Civ. P. 12(a). Patriot Front did not respond to the complaint or otherwise appear. The Clerk entered an entry of default on April 11, 2025. See Doc. 68.

Plaintiffs moved for default judgment against Patriot Front on Plaintiffs' claims under 42 U.S.C. §§ 1981, 1985(3), and 1986 and North Dakota state law claims of trespass and civil

conspiracy. Doc. 74 at 1. Plaintiffs requested compensatory and punitive damages, as well as leave to move for attorneys' fees and costs.[1] Doc. 74-1. The Court granted Plaintiffs' motion for default judgment but found that Plaintiffs did not establish their requested damages to a reasonable degree of certainty. Doc. 78. The Court gave Plaintiffs an opportunity to supplement the record to establish their damages. Id. at 2. Plaintiffs' supplemental brief states they do not intend to file additional evidence in support of the damages request. Doc. 81. As such, damages are ripe for determination.

## II. DISCUSSION

### A. Compensatory Damages

The Court previously granted Plaintiffs' motion for default judgment and stated that Plaintiffs' affidavits and exhibits support their request of $24,664.37 in compensatory damages for the past and future cost of security cameras and services. Doc. 78 at 2. But Plaintiffs did not submit adequate evidence to establish their additional compensatory damage request of $45,000 for property damage to a reasonable degree of certainty. Id. In their motion for default judgment, Plaintiffs supported their additional damage request with a singular news article stating the murals were created "as part of a $45,000 grantmaking project from ArtPlaceAmerica." Docs. 74-1 at 7; 74-10 at 2. The Court gave Plaintiffs an opportunity to supplement the record to establish their damages. Plaintiffs declined to do so. Doc. 81. As such, the Court finds that Plaintiffs are entitled to $24,664.37 for the cost of security cameras and services.

### B. Punitive Damages

Plaintiffs also seek $2,000,000 in punitive damages. Doc. 74-1 at 11-13. Plaintiffs proceeding under 42 U.S.C. §§ 1985(3) and 1986 may seek awards of punitive damages. See, e.g., Murrell v. Patriot Front, 762 F. Supp. 3d 65 (D. Mass. 2025) (awarding punitive damages against

[1] Plaintiffs also seek post-judgment interest pursuant to 28 U.S.C. § 1961. Doc. 74-1 at 11.

Patriot Front in an action under § 1985(3)); Sealed Plaintiff 1 v. Patriot Front, No. 22-cv-670, 2026 WL 918601 (E.D. Va. Mar. 31, 2026) (same); Wade v. Haynes, 663 F.2d 778, 785 (8th Cir. 1981) ("[T]his court held that punitive damages may 'be awarded in civil rights actions where the defendant exhibits oppression, malice, gross negligence, willful or wanton misconduct or a reckless disregard for the rights of the plaintiff.'"). "The purpose of awarding punitive damages is to punish the wrongdoing defendant in order to deter him, and others, from repetition of the wrongful conduct." Stoner v. Nash Finch, Inc., 446 N.W.2d 747, 754 (N.D. 1989) (citing Dahlen v. Landis, 314 N.W.2d 63, 68 (N.D. 1981)).

But punitive damages awards are subject to constitutional constraints. "The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor" in the form of punitive damages. State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003) (citing Cooper Indus., Inc. v. Leatherman Tool Grp., Inc., 532 U.S. 424, 433 (2001)). The United States Supreme Court has three "guideposts" for reviewing the constitutionality of a punitive damages award: "(1) the degree or reprehensibility of the defendant's misconduct, (2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." Cooper, 532 U.S. at 440 (citation omitted). "[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." State Farm, 538 U.S. at 419 (quoting BMW of North Am., Inc., v. Gore, 517 U.S. 559, 560 (1996)).

Plaintiffs have demonstrated their entitlement to punitive damages based on Patriot Front's involvement in vandalizing the International Market Plaza. "'Patriot Front's members have defaced murals honoring Black Americans, targeted LGBTQ+ events, and destroyed public and

private property as part of their campaign to promote their extreme' beliefs." Sealed Plaintiff 1 v. Patriot Front, No. 22-cv-670, 2026 WL 561098, at *1 (E.D. Va. Feb. 27, 2026). That statement accurately applies to Patriot Front's conduct in this case. Patriot Front's actions are particularly reprehensible as its members have engaged in similar vandalism in the past and targeted minorities in their "activism."

The Court next considers the disparity between the harm suffered by Plaintiffs and the punitive damages award, as well as punitive damage awards in comparable cases. Cooper, 532 U.S. at 440. As noted, the Court awarded Plaintiffs a total of $24,664.37 in compensatory damages. Plaintiffs request $2,000,000 in punitive damages. That amounts to a punitive to compensatory damage ratio of approximately 40:1. While the Supreme Court has established no specific constitutional limit on the ratio between punitive and compensatory damages, the Court has stated that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm, 583 U.S. at 425. Plaintiffs note that in other similar cases, such as Murrell v. Patriot Front, the court awarded $2,000,000 in punitive damages. But as Plaintiffs also recognize, the Murrell court awarded compensatory damages consisting of $25,000 for physical injuries, $500,000 for psychological injuries and emotional distress, and $230,000 in lost wages. Doc. 74-1 at 10; see Murrel, 762 F. Supp. 3d at 85. Here, in keeping Plaintiffs' punitive damages proportional to compensatory damages, the Court awards Plaintiffs $75,000 in punitive damages. Such an award is sufficiently large to punish the conduct of Patriot Front without running afoul of due process concerns.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs are awarded $24,664.37 in compensatory damages for security cameras and services and $75,000 in punitive damages, for a total judgment of $99,664.37, plus reasonable attorney's fees in an amount to be determined, and post-judgment interest pursuant

to 28 U.S.C. § 1961. Plaintiffs' claims against Patriot Front for conversion and trespass to chattel still remain, in addition to Plaintiffs' claims against John Does 1-10.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court